## No. 155

### CLEVELAND (City) v. LOVERING

No. 20229. Supreme Court

On motion to certify. Dock. 12-23-26, 5 Abs. 27.

374. DEFENSES—Can City interpose defense that it was engaged in a governmental function where nurse at City Hospital was injured and elected not to make application under Workmen's Compensation Act on the ground that the city violated requirements of an ordinance?

#### First Publication of this Case

Alma Lovering was employed by the City of Cleveland in the capacity of a nurse in the City Hospital. It was claimed by her in the Cuyahoga Common Pleas that while she was descending the stairs in the nurses home where she resided, at about 6:30 A. M., preparatory to reporting in the ward where she was to work, she fell and was injured. It was claimed that it was dark outdoors, that the stairway was unlighted and that the hand rails thereon wer eobstructed with certain decorations, which was in violation of a certain ordinance; that the City's negligence in failing to light the stairs and in failing to prevent obstruction on the stairway was the direct cause of Lovering falling and being injured.

Lovering did not make application for compensation, the City being a subscriber to the State Insurance Fund, but filed suit under 1465-76 GC. on the ground that there had been a violation of the requirements of the ordinance with respect to the stairways. The trial court directed a verdict in favor of the City and the Court of Appeals reversed the case.

In the Supreme Court it was contended that 1465-76 GC. wherein it gives the employee the option to sue, places both employer and employee on the same basis as if there were no

compensation act; that they then may proceed to a court and maintain any civil action.

It is contended that since Lovering elected not to take advantage of the compensation act, she could go into court and would of necessity prosecute her suit subject to the usual defenses that might be pleaded in a civil suit and therefore the defense that the City was engaged in a governmental function was a complete defense to the law suit.

It is claimed that 1465-76 GC. provides that "nothing in this act contained shall affect the civil liability of such employers," which means that the civil liability which the law established, otherwise than by the Compensation Act, remained the same, and that the parties would proceed as if the civil rights had in no wise been changed.

Attorneys—Carl F. Shuler, Dir. of Law, and Joseph F. Smith, Asst. Dir. of Law, for City; Payer, Winch, Minshall & Karch for Lovering; all of Cleveland.

Note—Motion to certify overruled, 5 Abs. 44.